*Reed,* A. G., for the Commonwealth.

———

COMMONWEALTH *vs.* HENRY BLAKE.

No exception lies to the refusal by the superior court to allow the defendant in a criminal case, which has come to that court on appeal, to withdraw his plea of not guilty, made by him in the police court, and file a special plea instead thereof.

The omission to date a complaint in a criminal case is not fatal to its validity, if it appears from the *jurat* when it was made; and in such case the time of a continuing offence which is charged to have been committed on a day certain, "and on divers other days and times between that day and the day of making this complaint," is alleged with sufficient certainty.

COMPLAINT, originally made to the police court of Cambridge, charging that the defendant " on the first day of August in the year of our Lord one thousand eight hundred and sixty-five," at Somerville, " and on divers other days and times between that day and the day of making this complaint," kept and maintained a tenement, used for the illegal keeping and illegal sale of intoxicating liquors.   The complaint was not dated, but the *jurat* showed that it was received and sworn to on the 20th of September 1865.   The defendant pleaded not guilty in the police court, but was convicted, and appealed to the superior court.

In the superior court, the defendant moved for leave to withdraw his plea of not guilty, and to file an answer in demurrer and a special plea in bar, the substance of which was that he had a license as a common seller of liquors under the internal revenue laws of the United States, and that he had paid a national and state tax on the liquors kept by him ; but the motion was overruled by *Brigham,* J.   The defendant also moved to

Commonwealth *v.* Blake.

dismiss the complaint on the ground that it was not dated, and that the time of the commission of the offence was insufficiently alleged; but this motion was overruled. The defendant, having been found guilty by the jury, moved in arrest of judgment for the same reasons; but this motion was also overruled. The defendant alleged exceptions.

*C. H. Hudson,* for the defendant.

*Reed,* A. G., for the Commonwealth, cited, as to the refusal to allow the defendant to plead anew, 2 Gabbett Crim. L. 326; *Strahan's case,* 7 Cox Crim. Cas. 85; *Commonwealth* v. *Chapman,* 11 Cush. 422.

DEWEY, J. The ruling of the superior court, refusing leave to file a special plea in that court, is not subject to exception, the party having no right to withdraw the plea of not guilty, upon which the case was tried in the police court, and plead anew, except by leave of the court. At common law, the defendant was only entitled to a single plea. The *St.* of 4 Anne, *c.* 16, has not enlarged the right of pleading in criminal cases. Further, when the defendant has once pleaded he is bound to abide by the defence thus taken, and cannot as a matter of right withdraw it, in order to rely on another. 1 Chit. Crim. L 435.

The plea of not guilty in criminal cases opens a very wide defence as to all matters connected with the merits of the case, and a special plea can rarely be necessary or proper.

The time of filing the original complaint is sufficiently shown by the certificate of the time of its reception, and the oath annexed thereto. *Commonwealth* v. *Kingman,* 14 Gray, 85.

No ground exists for sustaining any motion in arrest of judgment. *Exceptions overruled.*[*]

---

[*] At the same term, a similar decision was made in the case of COMMONWEALTH *vs.* JOHN E. WILLARD.

*G. Sennott,* for the defendant.

*Reed,* A G., for the Commonwealth.